```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS


DEBRA BAGGETT, ET AL.,            )
        Plaintiffs                )
                                  )
                 v.               )   C.A. No. 11-cv-30223-MAP
                                  )
MICHAEL J. ASHE, JR., ET AL.,     )
        Defendants                )
```

MEMORANDUM AND ORDER REGARDING
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
(Dkt. No. 41)

May 23, 2013

PONSOR, U.S.D.J.

Plaintiff Debra Baggett was a prisoner at the Western Massachusetts Regional Women's Correctional Center ("WCC") from September 5 through 12, 2008, and again from October 2, 2008, through January 28, 2010.  While in custody, Plaintiff was taken to the Segregation Unit and strip searched during the transfer, a process which, pursuant to WCC policy, is videotaped by a corrections officer.  Plaintiff has brought this putative class action pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution, contending that Defendants' policy of permitting male correctional officers to videotape strip searches of the female inmates in non-emergency situations violated her constitutional rights.

Before the court now is Plaintiffs' Motion for Class Certification, seeking to certify a class of approximately 178 former and current WCC inmates who were videotaped by male correctional officers during strip searches.

The 178 potential class members satisfy the numerosity requirement of Fed. R. Civ. P. 23(a)(1). Plaintiff's claims raise questions of both law and fact common to the class, specifically (1) whether Defendants maintained a policy or custom of authorizing males to videotape strip searches of female prisoners in non-emergency situations and, if this occurred, (2) whether this policy violated the Fourth Amendment. Rule 23(a)(2). Plaintiff's claims and defenses, since she contends that she herself was a subject of the policy, are obviously typical of the claims and defenses of the class, as required by Rule 23(a)(3). Furthermore, Plaintiff as the representative party, along with her very well qualified attorneys, will adequately protect the interests of the class. Rule 23(a)(4).

Finally, as required by Rule 23(b)(3), a class action in this case is the superior method for resolving the common questions of law and fact that exist. Differences in the specific circumstances of individual class members may affect entitlement to damages, but do not affect the analysis of the propriety of as class action. See Tyler v.

Suffolk County, 253 F.R.D. 8, 11 (D. Mass. 2008) (certifying a class because the existence of divergent damages among class members is not an obstacle where a "'sufficient constellation' of common questions predominates").

Defendants' opposition raises several arguments that may be pertinent to the ultimate resolution of the case on the merits, but are unpersuasive on the issue of class certification. Defendants assert that Plaintiff has failed to meet her burden under Rule 23(a), as established by the Supreme Court in Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011), of affirmatively demonstrating the existence of the four elements for class certification. However, the Affidavit of David Milton (Dkt. No. 43) in support of Plaintiffs' motion offers sufficient proof of the fact that the four elements are met to satisfy the standard as articulated in Wal-Mart. Also, Defendants refute the existence of a commonality of issues because Defendants allege that they had several different policies in place for the transfer of prisoners into the Segregation Unit during the class period. However, the minor variations in the applicable policies do not make certification improper. According to Plaintiff, none of the polices limited videotaping of strip searches by male correctional officers to emergency situations alone; this is what she challenges.

For the foregoing reasons, Plaintiffs' Motion for Class Certification (Dkt. No. 41) is hereby ALLOWED. The pretrial phase of the case will continue to unfold, under the supervision of Magistrate Judge Kenneth P. Neiman, in accordance with the revised scheduled order entered on January 9, 2013 (Dkt. No. 36), as modified by the parties' joint motion (Dkt. No. 72), adopted by the court on April 30, 2013.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge